NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
Case No. 2023-0097
Citation: Richard v. Governor, 2024 N.H. 53

DANIEL RICHARD

v.

GOVERNOR & a.

Argued: November 29, 2023
Opinion Issued: September 12, 2024

Daniel Richard, self-represented party, on the brief and orally.

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Matthew G. Conley, assistant attorney general, and Brendan A. O'Donnell, assistant attorney general, on the brief, and Matthew G. Conley orally), for the State.

Wadleigh, Starr & Peters, PLLC, of Manchester (Michael J. Tierney on the brief), for the Town of Auburn.

MACDONALD, C.J.

[¶1] The plaintiff, Daniel Richard, filed a complaint against the defendants, the Governor, the Secretary of State, the State of New Hampshire (collectively, the State), and the Chairman of the Board of Selectmen for the Town of Auburn and the Town of Auburn Administrator (collectively, the Town), seeking injunctive and declaratory relief as to specified New Hampshire election laws. The Superior Court (Ruoff, J.) granted the defendants' motion to dismiss for failure to state a claim upon which relief may be granted. We determine that the plaintiff has standing to bring his claims set forth in Counts I and II and, accordingly, we review the trial court's dismissal of those claims. For the reasons set forth below, we affirm in part and remand for further proceedings. We determine that the plaintiff lacks standing to bring Counts III through VI alleged in his complaint. Accordingly, we vacate the trial court's order as to those claims and remand with instructions that they be dismissed for lack of subject matter jurisdiction.

I.    Background

[¶2] The trial court found or the record supports the following facts. The plaintiff is a registered voter in the town of Auburn. In August 2022, he filed suit raising six counts: (I) that he was "deprived of his right to vote by the town of Auburn" on March 9, 2022 when he "attempted to vote" but was not permitted to vote by hand instead of using an electronic voting machine; (II) the statutes contained in RSA 656:40 et seq. are unconstitutional because they allow the use of electronic voting machines; (III) RSA 656:40-:42 (2016 & Supp. 2023) are unconstitutional because they permit the use of electronic vote counting devices which lack testing or certification procedures; (IV) RSA 21:6 (2020), RSA 21:6-a (2020), and RSA 654:1 (2016) are unconstitutional because they changed the definition of who can vote in New Hampshire; (V) RSA chapter 657 is unconstitutional because it improperly expands access to absentee voting; and (VI) the 1976 amendments to the State Constitution resulting from the outcome of a statewide ballot question related to elections are invalid because the amendment process was contrary to the constitution.

[¶3] The defendants moved to dismiss the complaint on grounds of both standing and failure to state a claim upon which relief may be granted. They argued that the plaintiff "does not have standing as he has not demonstrated any kind of injury in bringing this suit," but, rather, was seeking "resolution of hypothetical issues and the airing of generalized grievances." Therefore, they asserted, any opinion issued by the trial court "would be advisory only and not actually addressing a case or controversy properly before" the court.

[¶4] The trial court granted the motion to dismiss. Although the court noted that the defendants "persuasively" argued that the plaintiff "lacks standing to bring some or all of his . . . claims," rather than determining

2

whether the plaintiff had standing — a question affecting the court's jurisdiction over the case — the court concluded that because the plaintiff failed to state a claim upon which relief may be granted, "it need not address" the defendants' standing arguments.  Accordingly, the trial court granted the defendants' motion to dismiss.  The court subsequently denied the plaintiff's motion to reconsider.  This appeal followed.

[¶5] On appeal, neither party briefed the issue of standing.  Given that a determination that the plaintiff lacks standing would require dismissal of the case for lack of subject matter jurisdiction, we ordered the parties to file supplemental briefing on that issue.  In his supplemental filing, the plaintiff argues that he has standing to bring this suit because he is a citizen of New Hampshire, an inhabitant of the town, and a taxpayer.  Therefore, he asserts, "he has . . . a constitutionally protected right to vote for state and federal offices" under the State and Federal Constitutions.  The State argues that the plaintiff has failed to allege a concrete, personal injury "that rises above an abstract interest in ensuring that the State Constitution is observed or an injury distinguishable from a generalized wrong allegedly suffered by the public at large."  The Town asserts that the plaintiff's requested remedies — to prevent the use of electronic voting machines in New Hampshire and to change who is allowed to vote in this state — demonstrate that the harm he seeks to cure is "precisely the type of generalized wrong allegedly suffered by the public at large this Court has warned is insufficient" to establish standing.  (Quotation omitted.)  The Town further argues that the plaintiff lacks standing "because his interests are not adverse to the Town."

II.    Standard of Review

[¶6] Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleading sufficiently establish a basis upon which relief may be granted.  Avery v. Comm'r, N.H. Dep't of Corr., 173 N.H. 726, 736 (2020).  However, when a motion to dismiss challenges the plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based upon the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief.  Id. at 736-37.

[¶7] The doctrine of standing limits the judicial role, consistent with a system of separated powers, to addressing those matters that are traditionally thought to be capable of resolution through the judicial process.  Carrigan v. N.H. Dep't of Health and Human Servs., 174 N.H. 362, 366 (2021).  Because standing implicates the court's subject matter jurisdiction, it may be raised at any time in a proceeding.  See Appeal of Campaign for Ratepayers' Rights, 162 N.H. 245, 250 (2011); see also Lonergan v. Town of Sanbornton, 175 N.H. 772, 775 (2023) (explaining that subject matter jurisdiction is a tribunal's authority to adjudicate the type of controversy involved in the action).  "In New Hampshire,

3

standing in the traditional sense is grounded in Part II, Article 74 of the State Constitution, which provides: 'Each branch of the legislature as well as the governor and council shall have authority to require the opinions of the justices of the supreme court upon important questions of law and upon solemn occasions.'" Carrigan, 174 N.H. at 366. Thus, while the respective branches of the legislature, the governor, and the executive council may request our advisory opinion on important questions of law, other parties may not. Id.

[¶8] Typically, standing under the New Hampshire Constitution requires parties to have personal legal or equitable rights that are adverse to one another, with regard to an actual, not hypothetical, dispute, which is capable of judicial redress. See Conduent State & Local Solutions v. N.H. Dep't of Transp., 171 N.H. 414, 418 (2018). When evaluating whether a party has standing to sue, we focus on whether the party suffered a legal injury against which the law was designed to protect. Id. Neither an abstract interest in ensuring that the State Constitution is observed nor an injury indistinguishable from a generalized wrong allegedly suffered by the public at large is sufficient to constitute a personal, concrete interest. Id. Rather, the party must show that the party's own rights have been or will be directly affected. Id.

III.   Analysis

A.   Counts I and II

[¶9] The plaintiff's complaint alleges that on March 9, 2022, he "attempted to vote in the Town of Auburn" where he is registered to vote but "was deprived of his right to vote by the town." The complaint alleges that he "checked in to vote" and "was given a ballot" but, when he "asked where the hand counting deposit box was," he "was informed that voting machines would be used to count the votes." The plaintiff alleges that the moderator's "refusal to count [his] vote" by hand was a "denial of [his] right to vote, by attempted coercion, as the only option made available to [him] was the use of unconstitutional programable [sic], open source, electronic voting machines." (Bolding omitted.) The plaintiff seeks to enjoin the Town "from prohibiting [his] right to" have his vote "hand counted."

[¶10] Applying the foregoing standing principles to the allegations in Count I, we conclude that the plaintiff's complaint identifies an alleged personal injury — denial of his right to vote — and seeks relief that directly benefits him — that "[his] vote . . . be hand counted." On its face, Count I alleges a concrete, personal injury, implicating legal or equitable rights, with regard to an actual, not hypothetical, dispute, which is capable of judicial redress by a favorable decision. See Carrigan, 174 N.H. at 367. Accordingly, the plaintiff has established standing with respect to Count I. Therefore, we

4

review the trial court's grant of the defendants' motion to dismiss Count I for failure to state a claim upon which relief may be granted.

[¶11] In doing so, we consider whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. See Granite State Trade Sch. v. N.H. Mechanical Licensing Bd., 175 N.H. 708, 710 (2023). We assume the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Id. However, we need not assume the truth of statements in the plaintiff's pleadings that are merely conclusions of law. Id. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law. Id. We will uphold the trial court's grant of a motion to dismiss if the facts pleaded do not constitute a basis for legal relief. Id.

[¶12] The essence of Count I is the plaintiff's allegation that he has a right under Part II, Article 32 of the State Constitution to have his vote hand counted. Count II alleges, inter alia, that RSA 656:40-:42, which authorize the use of electronic voting machines, are therefore unconstitutional because they exceed the authority of Part II, Article 32. Thus, when read together, the allegations in Count I likewise establish the plaintiff's standing with respect to his allegations in Count II concerning his compelled use of voting machines.

[¶13] Part II, Article 32 provides in pertinent part:

> The meetings for the choice of governor, council and senators, shall be warned by warrant from the selectmen, and governed by a moderator, who shall, in the presence of the selectmen (whose duty it shall be to attend) in open meeting, receive the votes of all the inhabitants of such towns and wards present, and qualified to vote for senators; and shall, in said meetings, in presence of the said selectmen, and of the town or city clerk, in said meetings, sort and count the said votes, and make a public declaration thereof, with the name of every person voted for, and the number of votes for each person . . . .

N.H. CONST. pt. II, art. 32. Examining its plain language, the trial court reasoned that "Part II, Article 32 does not require a particular method through which the public officials are to count ballots" and, thus, "the legislature has the authority to permit the use of electronic counting devices because the Constitution is silent on this matter." In the absence of any law "clearly establishing a constitutional right to have one's vote counted by hand," the court determined that Count I was not reasonably susceptible of a construction that would permit recovery.

[¶14] On appeal, the plaintiff argues that "[c]ontrary to the Trial Court's opinion the Constitution is not silent on this matter but rather it is specific.

5

The original intent of Part II, art. 32, the duty of [the] moderator is clear and specific that 'he' 'shall,' . . . 'sort' and 'count' the votes has remained unchanged since 1784." The State argues that no part of the State Constitution mandates hand counting.

[¶15] Our standard for reviewing the plaintiff's claims regarding Part II, Article 32 and the constitutionality of RSA 656:40-:42 is well established. We review a trial court's interpretation of the constitution de novo. Bd. of Trustees, N.H. Judicial Ret. Plan v. Sec'y of State, 161 N.H. 49, 53 (2010). We will presume a legislative act to be constitutional and will not declare it invalid except upon inescapable grounds. Id.

[¶16] When interpreting the constitution our first resort is the natural significance of the words used by the framers. Id. "While the constitution as it now stands is to be considered as a whole as if enacted at one time, to ascertain the meaning of particular expressions it may be necessary to give attention to the circumstances under which they became parts of the instrument." Id. at 53-54 (quotation omitted).

[¶17] Our prior cases interpreting Part II, Article 32 have not addressed the issue raised by the plaintiff. Cf. Opinion of the Justices, 114 N.H. 711, 712-13 (1974) (a ballot cast by means of a voting machine is a "written ballot" within the meaning of Part II, Article 100 of the New Hampshire Constitution). By its terms, the provision prescribes duties for selectmen, the moderator and the town or city clerk in the conduct of electing governor, the executive council and senators. Specifically, the moderator shall preside at an open meeting, shall "receive the votes" and shall "sort and count the said votes, and make a public declaration thereof." N.H. CONST. pt. II, art. 32. The constitution establishes duties of the moderator — to preside at an open meeting, to receive votes, to sort and count them and to make a public declaration — but it does not prescribe how those duties shall be performed. To that end, by its terms, Part II, Article 32 does not mandate that the moderator must hand count votes.

[¶18] It is true, as the plaintiff notes, and as we state above, that "to ascertain the meaning of particular expressions it may be necessary to give attention to the circumstances under which they became parts of the instrument." Bd. of Trustees, 161 N.H. at 54. But, beyond the observation that there was no electricity or technology at the time of the adoption of the amendment, on appeal the plaintiff offers no developed argument, case law or historical evidence to understand the context of this amendment and why its framers would have mandated, albeit sub silentio, the use of hand counting. In contrast, the amendment expressly mandates that meetings must be open and, therefore, as we have observed, the moderator is to be held accountable for his or her exercise of discretion. See Bell v. Pike, 53 N.H. 473, 477-78 (1873). It is beyond our authority to add words to the constitution that the framers did not see fit to include. See Bd. of Trustees, 161 N.H. at 53.

6

[¶19] On the basis of the foregoing, we affirm the trial court's dismissal of Counts I and II to the extent they were based on the plaintiff's interpretation of Part II, Article 32. However, with respect to Count II, we read the plaintiff's pleadings as claiming more.

[¶20] The plaintiff alleges in his complaint that "[t]he Defendants' sanctioning of the discretionary use of voting machine[s] at the local level" violates the equal protection clause of Part I, Article 1 of the State Constitution and the Fourteenth Amendment to the Federal Constitution by authorizing the "use of programmable, open source, electronic vote counting machines in some towns, cities, or other political subdivision[s] of the State or not." He argues that the State's action "sets up an unequal election process across the state" wherein "103 communities in the State hand count, while at [the] same time permitting voting machine counts in 135 communities." According to the plaintiff, this disparity between the methods of counting votes and the "non-verifiability" of ballots submitted by electronic voting machine "at the time of counting and for later auditing (re-counts) of the validity of each ballot/vote" produce "an unreliable outcome and hidden opportunity to manipulate computer-counted data," thereby depriving him of a lawful count of the ballots and diluting his vote.

[¶21] Applying our standard of review, based upon the alleged facts, we determine that the plaintiff has sufficiently demonstrated his right to claim relief and has therefore demonstrated standing as to his equal protection claim set forth in Count II. See Avery, 173 N.H. at 736-37; see also Baker v. Carr, 369 U.S. 186, 205-06 (1962) (noting that voters have standing to bring equal protection challenges to complain of vote dilution and observing that "[m]any of the cases have assumed rather than articulated the premise in deciding the merits of similar claims"). Because the trial court did not address the plaintiff's equal protection claim, we remand for further proceedings consistent with this decision. In doing so, we express no opinion on the merits of the plaintiff's claim.

B. Counts III-VI

[¶22] Counts III through VI of the plaintiff's complaint allege that: RSA 656:40-:42 are unconstitutional because they permit the use of electronic vote counting devices which lack testing or certification procedures; RSA 21:6, RSA 21:6-a, and RSA 654:1 are unconstitutional because they changed the definition of who can vote in New Hampshire; RSA chapter 657 is unconstitutional because it improperly expands access to absentee voting; and the 1976 amendments to the State Constitution resulting from the outcome of a statewide ballot question related to elections are invalid because the amendment process was contrary to the constitution. The plaintiff alleges that he has been injured because the actions set forth in Counts III through VI "have subjected [him] to unconstitutional laws, taxes, representation and

changes to our form of government not consented to by the inhabitants of this State and secured by the State and Federal Constitutions." He seeks to restrain the defendants from "exclusively using electronic means of vote counting," "ignoring the hand counting required by" the State Constitution, "using electronic open-source voting machines," and "entering any contractual agreements used for voting without legislative approval of the body of a whole." In addition, the plaintiff seeks a declaration that the legislature's statutory authorization of electronic voting machines, the "use of the word resident within the statutes," and the expanded statutory exemptions for absentee voting are unconstitutional.

[¶23] The State argues that the plaintiff has failed to articulate a concrete, personal injury that rises above a generalized grievance and has, therefore, failed to establish standing. Likewise, the Town asserts that the remedies requested by the plaintiff "on the whole, seek to prevent the use of electronic voting machines in New Hampshire and change who is allowed to vote in this state," thereby demonstrating that the harm the plaintiff "seeks to cure is not his personal, concrete injury." The Town further argues that the plaintiff has not identified "specific laws, taxes, changes to the form of government, or changes to his State or Federal representation that have impacted him directly."

[¶24] Every person in New Hampshire has an interest in the proper application of the Constitution and state laws. Given that shared interest, we agree with the defendants that the grievances set forth in Counts III through VI of the plaintiff's complaint raise only "generalized wrong[s] allegedly suffered by the public at large." Avery, 173 N.H. at 737. Likewise, the relief sought by the plaintiff no more directly affects his rights than the rights of all New Hampshire citizens. See id. In the absence of a "concrete factual context conducive to a realistic appreciation of the consequences of judicial action," Carrigan, 174 N.H. at 367 (quotation omitted), the plaintiff's claims advance no more than "an abstract interest in ensuring that the State Constitution is observed." Avery, 173 N.H. at 737. Therefore, we conclude that the plaintiff lacks standing to bring Counts III through VI. Accordingly, we vacate the trial court's ruling on the merits of those claims and remand with instructions that they be dismissed for lack of subject matter jurisdiction. See Close v. Fisette, 146 N.H. 480, 483 (2001) (explaining that a decision rendered by a court without subject matter jurisdiction is void).

Affirmed in part; vacated in part; and remanded.

BASSETT and DONOVAN, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.

8